**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
_____
                              )
L. DELORES PULLIAM,           )
                              )
          Plaintiff,          )
                              )
     v.                       )        Civil Action No. 02-370 (RWR)
                              )
                              )
CONTINENTAL CASUALTY CO.,)
                              )
          Defendant.          )
_____)
```

## MEMORANDUM OPINION

Plaintiff L. Delores Pulliam filed an Employee Retirement Income Security Act of 1974 ("ERISA") action against defendant Continental Casualty Co. ("Continental") seeking recovery of long term disability benefits allegedly owed under a policy administered by Continental.  Continental has moved pursuant to Fed. R. Civ. P. 72(a) and LCvR 72.2(b) for reconsideration of a Memorandum Opinion and Order of Magistrate Judge Alan Kay which granted in part and denied in part Pulliam's motion to compel, and granted in part and denied in part Continental's motion for a protective order.  Because the magistrate judge's determination was not clearly erroneous or contrary to law, Continental's motion for reconsideration of the magistrate judge's ruling has been denied.

## BACKGROUND

Pulliam was employed by Guest Services, Inc., which provided group long term disability insurance coverage for its employees

-2-

through Continental.  (Compl. ¶¶ 4,8.)   After suffering a stroke on July 6, 1999 (id. ¶ 16), she submitted a claim to Continental for long term disability benefits.  She was denied twice (id. ¶ 25), and filed this action.  Continental contends that Pulliam was terminated on July 5, 1999 and was not eligible for benefits for a stroke that occurred the day after.  (Mag. J. Mem. Op. at 2.)  Pulliam claims she was not terminated until July 29, 1999. (Compl. ¶¶ 6, 22.)

Pulliam moved to compel discovery regarding a potential conflict of interest by Continental which would result in a heightened standard of review being applied when evaluating Continental's denial of benefits.  (Mag. J. Mem. Op. at 3.) Continental then moved for a protective order prohibiting Pulliam from inquiring into documents relating to the potential for a conflict of interest.  Magistrate Judge Kay denied Pulliam's motion to compel with respect to two document requests[1] and granted the motion to compel in all other respects.  (Id. at 11.) The magistrate judge also granted in part Continental's motion for a protective order with respect to discovery of the caseload of individuals handling her claim and all information relating to

---

[1]    The magistrate judge denied Pulliam's motion to compel with respect to document request numbers 25 and 26 to the extent that the information sought by Pulliam did not identify covered employees and fell outside of the relevant time period. (Mag. J. Mem. Op. at 11.)

non-incentive-based compensation, and denied the motion in all other respects.  (Id. at 13.)

Continental now seeks review of the magistrate judge's order, claiming that it allows Pulliam access to information that is irrelevant and not discoverable.  Continental argues that Pulliam's document requests, interrogatories and depositions should address only incentives, commissions, contingencies, and bonuses directly tied to the performance of long-term disability ("LTD") claims reviewers or supervisors (Def.'s Stmt of P. & A. in Supp. of Mot. Recons. of and Objections to Mag. J. Ruling ("Def's Mot. Recons.") at 7) and that it "should not be required to produce documents concerning bonuses that are awarded without regard to individual employee merit or performance."  (Id.) Continental also claims that it should not be required to disclose the names and other personal identifying information of employees other than Pulliam covered under Continental's employment plan.  (Id.)

## DISCUSSION

A party may seek reconsideration of a magistrate judge's determination in a discovery dispute.  Adair v. Winter, No. 00-566, 2006 U.S. Dist. LEXIS 64328, at *8 (D.D.C. Sept. 11, 2006). On review, the magistrate judge's decision is entitled to great deference unless it is "clearly erroneous or contrary to law," that is, if "on the entire evidence" the court is left with the

-4-

definite and firm conviction that a mistake has been committed. <u>Virtual Dev. and Def. Int'l, Inc. v. Republic of Moldova</u>, 133 F. Supp. 2d 9, 20 (D.D.C. 2001) (citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 368 (1948); <u>Neuder v. Batelle Pac. Nw. Nat. Lab.</u>, 194 F.R.D. 289 (D.D.C. 2000)); Fed. R. Civ. P. 7.

Continental argues that the magistrate judge's order is "clearly erroneous and contrary to the law with respect to two discrete subject matters" (Def. Mot. Recons. at 5), specifically the magistrate judge's failure to specify that only documents and information relating to incentive-type compensation paid to LTD claims reviewers or supervisors are discoverable, and the magistrate judge's requirement that Continental disclose the names and other personal identifying information of covered employees other than Pulliam. (<u>See</u> <u>id.</u> at 9-10.)  Continental claims that this latter information is irrelevant.

Rule 26(b)(1) states that "parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  Fed. R. Civ. P. 26(b)(1). Under Rule 26(b)(2), a court may limit this discovery, either on its own initiative or pursuant to a motion for a protective order, if it determines that:

> (I) the discovery sought is unreasonably cumulative or
> duplicative, or is obtainable form some other source
> that is more convenient, less burdensome, or less
> expensive; (ii) the party seeking discovery has had

ample opportunity by discovery in this action to obtain
the information sought; or (iii) the burden or expense
of the proposed discovery outweighs its likely benefit,
taking into account the needs of the case, the amount
in controversy, the parties' resources, the importance
of the issue at stake in the litigation, and the
importance of the proposed discovery in resolving the
issues.

Fed. R. Civ. P. 26(b)(2); see also Alexander v. Fed. Bureau of
Investigation, 194 F.R.D. 316, 325 (D.D.C. 2000).

Generally, "the Rules do not differentiate between
information that is private or intimate and that to which no
privacy interests attach.  Under the Rules, the only express
limitations are that the information sought is not privileged,
and is *relevant* to the subject matter of the pending action.
Thus, the Rules often allow extensive intrusion into the affairs
of both litigants and third parties." Seattle Times Co. v.
Rhinehart, 467 U.S. 20, 30 (1984) (emphasis added).  If a
relevancy objection is raised, "the party seeking discovery must
demonstrate that the information sought to be compelled is
discoverable." Alexander v. Fed. Bureau of Investigation, 194
F.R.D. at 325 (citing Fed. R. Civ. P. 26(b)(1); Alexander v. Fed.
Bureau of Investigation, 186 F.R.D. 185, 187 (D.D.C. 1999)).
Once a court determines the relevancy of the material sought, the
party objecting to that discovery then has the burden of
"'show[ing] why discovery should not be permitted.'" Id. at 325-
26 (quoting Corrigan v. Methodist Hosp., 158 F.R.D. 54, 56 (E.D.
Pa. 1994)) ("In order to sustain an objection based on undue

-6-

burden, the objecting party must make a specific, detailed showing of how the discovery request is burdensome." (citations omitted)).

I.   REQUESTS FOR PRODUCTION OF DOCUMENTS

In a document request under Rule 34, a party must: "(1) designate the documents, (2) show facts from which the court may conclude that the documents constitute or contain evidence material to any matter involved in the action, and (3) show that the documents are in the possession, custody or control of the defendants.  This rule may not be used for mere fishing excursions into the affairs of an adversary." Fort Wayne Corrugated Paper Co. v. Anchor Hocking Glass Corp., 4 F.R.D. 328, 329 (W.D. Pa. 1940).  Because "the framework within which the rules are to be interpreted is to secure the just, speedy, and inexpensive determination of every action . . . the rules are to be liberally construed." Hess v. Pittsburgh Steel Foundry & Machine Co., 49 F.R.D. 271, 272 (W.D. Pa. 1970).  Thus, under Rule 34, "any party may serve on another party a request for documents or 'any tangible things which constitute or contain matters within the scope of Rule 26(b) . . . .'" Alexander v. Fed. Bureau of Investigation, 194 F.R.D. at 325 (citing Fed. R. Civ. P. 34(a)).

-7-

A.    Document Request 23

The magistrate judge granted Pulliam's motion to compel with
respect to document request number 23, which sought "[a]ll
documents reflecting all incentives, commissions, contingencies
and/or bonuses for which any of [defendant's] claim reviewers or
supervisors were eligible at any time after July 1999."  (Mag. J.
Mem. Op. at 7; Def.'s Mot. Recons. at 2.)  The magistrate judge
found that information regarding incentive-type compensation,
including bonuses, is "relevant to a potential conflict of
interest and is properly within the scope of discovery," while
non-incentive-type compensation is not relevant and not
discoverable.  (Mag. J. Mem. Op. at 7.)  He also ruled that the
request is sufficiently limited because it specifies the time
period after July 1999 which was the period following Pulliam's
termination.  (Id.)

Continental seeks to further narrow the magistrate judge's
ruling, arguing that only information relating to incentive-type
compensation directly tied to the performance of individual LTD
claims reviewers and supervisors should be discoverable.  (Def.'s
Mot. Recons. at 5.)  However, that argument is moot.  The
magistrate judge explicitly limited the compelled production to
information regarding incentive-based compensation.  (Mag. J.
Mem. Op. at 7.)  In addition, Continental claims that the only
relevant time period for the documents spans from August 2000,

when Continental received Pulliam's claim, to April 2001, when
the denial of the appeal was communicated to Pulliam's counsel.
(Def.'s Mot. Recons. at 6.)  That argument fails.  Pulliam's
alleged disability and termination occurred in July 1999, and the
structure of incentive-type compensation following that period
would be relevant information.  Continental has cited no law to
justify a finding that the magistrate judge's finding of
relevance is "clearly erroneous or contrary to law."  <u>Boca</u>
<u>Investerings P'ship v. United States</u>, 31 F. Supp. 2d 9, 11
(D.D.C. 1998) (quoting Fed. R. Civ. P. 72(a)).

    B.   <u>Document Requests 25 and 26</u>

    Document requests 25 and 26 sought "[a]ll documents
reflecting your bills and invoices to Guest Services, Inc. for
premiums for plan participants for the period March 1999 through
January 2000" and "[a]ll documents reflecting payments by Guest
Services, Inc. for premiums for plan participants for the period
March 1999 through January 2000."  The magistrate judge denied
Pulliam's motion to compel to the extent that some of these
documents did not include covered employees.  The magistrate
judge also modified the relevant time period for document
production to May 1999 through January 2000.  (Mag. J. Mem. Op.
at 8; Def.'s Mot. Recons. at 7.)  Continental argues that the
magistrate judge's ruling requiring it to disclose the names and
other personal identifying information of covered employees other

-9-

than plaintiff is erroneous because this information is
irrelevant.  (Def.'s Mot. Recons. at 7.)  However, as Pulliam
asserts, "the purpose for the request was to ascertain persons
for which [sic] the employer was billed for premiums and for whom
they paid premiums."  (Pl.'s Opp'n to Def's Mot. Recons. of and
Objections to Mag. J. Order ("Pl.'s Opp'n") at 7.)  Given that
the crux of this case is whether Pulliam was a covered employee
at the time she became disabled, Pulliam should have access to
documents purporting to identify all covered employees[2] during
the relevant time frame.  Continental virtually concedes as much
in arguing that "the only conceivable relevance these documents
may have is to establish when . . . Plaintiff's coverage was
terminated."  (Def.'s Mot. Recons. at 7.)

    Continental cites no law in support of its argument that the
magistrate judge's opinion is erroneous, and has not met its
burden of showing that the records lack relevance or that
production would be unduly burdensome.

II.  INTERROGATORIES

    Rule 33(a) states that "any party may serve upon any other
party written interrogatories . . . to be answered by the party
served or, if the party served is a public or private corporation
or a partnership or association or governmental agency, by any

---

    [2]    Continental's concern about protecting the identity of
its employees is mitigated by Pulliam's consent to a redaction
of social security numbers.  (Pl.'s Opp'n at 7 n.2.)

officer or agent, who shall furnish such information as is available to the party."  Fed. R. Civ. P. 33(a).  Under Rule 33(c), "[i]nterrogatories may relate to any matters which can be inquired into under Rule 26(b)(1)," namely relevant matters that are not privileged.  Fed. R. Civ. P. 33(c).

The magistrate judge granted Pulliam's motion to compel with respect to interrogatories 11 and 12 which ask Continental to "[i]dentify . . . and describe all financial incentives, bonuses, commissions or other monetary awards for LTD claims reviewers in your employ since July 1999.  As to each, state the amount of compensation and the criteria for the award" and "[s]tate whether the person identified by you in Initial Disclosure No. 1 received any type of financial payment, incentive, bonus, commission or other monetary compensation where any criteria concerned claims savings for Defendant.  If so, fully describe each, identify . . . the individual and state the amount involved."  (Mag. J. Mem. Op. at 7-8; Def.'s Mot. Recons. at 8.)  Continental argues that these interrogatories are irrelevant as far as non-incentive based bonuses paid to LTD claims reviewers are concerned.  It insists, further, that even if these interrogatories are relevant, their marginal relevance is outweighed by the burden and expense to Continental of responding.  (Def.'s Mot. Recons. at 8.)  However, Continental does not support its assertion regarding burden or expense.  Continental also fails to show how

the magistrate judge's ruling on relevance was clearly erroneous
or contrary to law given that he ruled that information regarding
incentive-based compensation is discoverable but information
about non-incentive-based compensation is not.  (Mag. J. Mem. Op.
at 7.)

III. DEPOSITION

        In noticing a Rule 30(b)(6) deposition, a party may name a
corporation and "describe with reasonable particularity the
matters on which examination is requested."  Fed. R. Civ. P.
30(b)(6).  Thereafter, "the organization so named shall designate
one or more officers, directors, or managing agents, or other
persons who consent to testify on its behalf, and may set forth,
for each person designated, the matters on which the person will
testify."  Sigmund v. Starwood Urban Retail IV, LLC, 236 F.R.D.
43, 44 (D.D.C. 2006) (quoting Fed. R. Civ. P. 30(b)(6)).  Under
the Federal Rules of Civil Procedure, "the implied limit of
discoverability in any discovery device is Fed. R. Civ. P.
26(b)(1)."  Alexander v. Fed. Bureau of Investigation, 186 F.R.D.
at 140.  Thus, a party must specifically state the subject of the
testimony requested under Federal Rule 30(b)(6), then, "when
combined with Rule 26(b)(1), the limit[] of that testimony is
'any matter, not privileged, which is relevant to the subject
matter involved in the pending action. . . .  The information
sought need not be admissible at the trial if the information

-12-

sought appears reasonably calculated to lead to the discovery of admissible evidence.'" Id. (internal citation omitted).

Relying on its argument in opposition to the magistrate judge's ruling regarding document request 23 and interrogatories 11 and 12, Continental claims that the magistrate judge erred in denying Continental's motion for a protective order for deposition information related to "the financial compensation, bonuses, commissions and incentives offered to claims examiners and/or to members of the appeals committee, and the criteria required for obtaining each type of compensation, and particularly with respect to any criteria related to Claims savings (i.e., denials, terminations, reductions in payout) for the Defendant." (Mag. J. Mem. Op. at 12; Def.'s Mot. Recons. at 9.) Continental contends that non-incentive-based compensation paid to LTD claims reviewers and supervisors is at most marginally relevant to the issue of conflict of interest and outweighed by the undue burden of the requests. (Def.'s Mot. Recons. at 9.) However, Continental again overlooks the magistrate judge's determination that "[n]on-incentive-type compensation is not relevant and not discoverable" (Mag. J. Mem. Op. at 7), rendering Continental's re-stated opposition moot. Continental also provides no case law in support of its position that the magistrate judge's ruling is clearly erroneous or contrary to law.

-13-

## CONCLUSION

Because Magistrate Judge Kay's order granting in part and denying in part plaintiff's motion to compel, and granting in part and denying in part defendant's motion for a protective order was not clearly erroneous or contrary to law, defendant's motion for reconsideration of and objections to Magistrate Judge Kay's order has been denied.

SIGNED this 4th day of October, 2006.

                                               /s/

RICHARD W. ROBERTS
United States District Judge